UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS KELLETT,

     Plaintiff,

v.

CAROLYN W. COLVIN
Acting Commissioner
of Social Security,

     Defendant.

Case No. 13-cv-12884
Honorable Laurie J. Michelson
Magistrate Judge Charles E. Binder

---

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [19], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], REVERSING THE FINDINGS OF THE COMMISSIONER, AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

---

This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation (Dkt. 19) that Plaintiff Dennis Kellett's Motion for Summary Judgment be granted, Defendant Commissioner's Motion for Summary Judgment (Dkt. 15) be denied, and the findings of the Commissioner reversed and the case remanded for further proceedings. The Commissioner timely filed objections to the Report and Recommendation (Dkt. 20) and Kellett responded (Dkt. 21). For the reasons set forth below, the Commissioner's objections are OVERRULED, the Magistrate Judge's Recommendation is ACCEPTED, and the Report is ADOPTED. Accordingly, the Court will REVERSE the findings of the Commissioner and REMAND the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.  BACKGROUND

Kellett applied for Disability Insurance Benefits and Supplemental Social Security Income on May 11, 2010, alleging a disability onset date of January 1, 2008. (Dkt. 9, Tr. at 15.)

His claims were initially denied on October 6, 2010, and he filed a request for hearing on November 29, 2010. (*Id.*) He appeared via videoconference before Administrative Law Judge ("ALJ") Julia D. Gibbs on February 1, 2012. (*Id.*) The ALJ found that Kellett was not disabled on February 10, 2012. (*Id.*) The Appeals Council denied Kellet's request for review on May 3, 2013. (*Id.* at 1.) Kellett filed suit in this Court on July 2, 2013. (Dkt. 1.) Magistrate Judge Binder entered his Report and Recommendation on September 25, 2014. (Dkt. 19.) The Commissioner timely filed objections to the Report (Dkt. 20) and Kellett filed a response to those objections (Dkt. 21).

## II.  STANDARD OF REVIEW

This Court performs a de novo review of those portions of Magistrate Judge Binder's Report and Recommendation to which the Commissioner has objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-cv-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007) (explaining that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Under this standard, the Court affirms the ALJ's decision if it is supported by substantial evidence even if the evidence could support a different conclusion. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

### III. ANALYSIS

The Magistrate Judge found that the ALJ erred in two ways: first, by improperly segregating the effects of Kellett's bipolar disorder from the effects of his alcohol dependence, and second, by improperly rejecting the findings of Dr. Elaine Tripi, Ph.D. and ignoring the opinions of social workers Mona Sander and Dave Anderson. The Commissioner objected to both of these findings, arguing that the ALJ examined both the bipolar disorder and the alcohol dependence, and that the ALJ properly rejected the opinions of Dr. Tripi due to their basis on subjective complaints by Kellett. (Obj. at 3–4.) These objections are unpersuasive.

#### A. Substance Abuse-Related Impairments

Under the Social Security Act and its implementing regulations, ALJs are to follow the five-step sequential evaluation process before considering whether drug or alcohol abuse is a contributing factor material to a determination of disability. The Act provides, in relevant part:

> An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 423(d)(2)(C). The regulations[1] further provide:

---

[1] These regulations in fact predate the statutory amendment but continue to be applied to construe 42 U.S.C. 423(d)(2)(C) "in determining the Commissioner's duties when there is medical evidence of drug addiction or alcoholism . . . ." *See Williams v. Barnhart*, 338 F. Supp. 2d 849, 862 n.5 (M.D. Tenn. 2004).

> If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.

20 C.F.R. § 416.935(a); 20 C.F.R. § 404.1535(a). And further, "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 416.935(b)(1); 20 C.F.R. § 404.1535(b)(1). As a result, "[s]ubstance abuse is not considered until the Commissioner first makes a finding that a claimant is disabled." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013); *see also* Bloch on Social Security § 3.39 (2003) ("A finding of disability is, in effect, a 'condition precedent' to applying the special rule on alcoholism and drug addiction").

In *Gayheart*, for example, the Sixth Circuit criticized the ALJ's analysis of the claimant's alcohol abuse during the five-step evaluation process. *Id.* at 380–81. While the Court had already determined that remand was necessary on other grounds, the Court noted that "alcohol abuse was a factor in the ALJ's decisionmaking process . . . ." *Id.* at 380. This was evident from the ALJ's discussion of the claimant's emotional problems, evaluation of the opinions of the claimant's treating physician, and observation, in a hypothetical, that "Public Law 104-120 clearly precludes entitlement based on alcohol or drug addictions as a material factor to the determination of disability." *Id.* The Sixth Circuit cautioned that "if Gayheart is found on remand to be disabled, the materiality of his alcohol abuse needs to be reevaluated with proper attention to the record." *Id.*

The ALJ's analysis here raises similar concerns. Kellett's treatment records reveal a history of depression, anxiety, bipolar disorder, and alcohol dependence. The record shows that Kellett's treatment and symptoms relating to his depression, anxiety, and bipolar disorder were

often intertwined with his treatment and symptoms for alcohol dependency. For example, when Kellett visited the emergency room at McLaren Regional Medical Center in April 2010, he complained of "depression, anxiety, severe mood swings, [and] racing thoughts," and also stated that he had engaged in "non-stop drinking alcohol . . . for 27 years," including drinking a "half-gallon of Jim Beam . . . daily . . . ." (Tr. at 421.) The McLaren physician, Dr. Dong Yoo, diagnosed him with bipolar disorder and alcohol dependency and admitted him with the goals of "alcohol detox" and "stabiliz[ing] his bipolar disorder." (Tr. at 422.) The Oakland Psychological Clinic reached similar conclusions in July 2010. (Tr. at 470.) And when he returned to the Oakland Psychological Clinic in May 2011, he reported that he had relapsed by drinking alcohol, which led to his failure to take his bipolar medication. (Tr. at 542.)

Indeed, at the hearing, the ALJ commented that together, the bipolar disorder and alcohol abuse constituted a "chicken-and-the-egg problem." (Tr. at 43.) Yet the ALJ's opinion characterized much of Kellett's treatment as alcohol-related and seemingly separated it from the treatment for the bipolar disorder:

> Although the claimant has alleged that his bipolar disorder prevents him from any gainful activity, his treatment records are not supportive. Instead, they reflect sporadic treatment, largely related to obtaining and maintaining sobriety. They reflect minimal clinical evidence, and significant inconsistencies in subjective reporting.

(Tr. at 23.) Nor did the ALJ refer to 42 U.S.C. § 423(d)(2)(C), 20 C.F.R. § 404.1535, or 20 C.F.R. § 416.935 in her opinion, which suggests that she did not follow the procedures they prescribe. *See Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003) ("In truth, the ALJ's failure to cite 20 C.F.R. § 404.1535 anywhere in his decision was not a mere drafting oversight, but accurately reflected his failure to follow the procedures prescribed there. The Commissioner has duly promulgated regulations in this area, which the ALJ may not silently disregard."). It is

also troubling that at the hearing, the ALJ commented that "if there's a significant period where he's not using alcohol and his bipolar symptoms are disabling, then that – he would be disabled at that point." (Tr. at 55.)

Furthermore, whether Kellett currently maintains his sobriety is unclear from the record. His counsel stated that Kellett had not used alcohol since either May 10, 2011, or August 26, 2011, but noted that "I'm not going to say to you he might have had a relapse. I don't know . . . ." (Tr. at 52.) The ALJ found Kellett's alcohol dependence to be a current severe impairment at Step Two (Tr. at 17) and expressly took note of the inconsistencies in Kellett's self-reported sobriety in her Step Five findings. (*See* Tr. at 20, 22.) *Cf. Hatcher v. Comm'r of Soc. Sec.*, No. 12-CV-13831, 2013 WL 5291622, at *5 (E.D. Mich. Sept. 19, 2013) ("By his own admission, Hatcher's substance abuse was no longer an impediment for him. Accordingly, the Court finds that the ALJ did not misapply the regulations regarding the consideration of drug and alcohol abuse.").

It is true, as the Commissioner notes in her objections, that the ALJ described both the alcohol and bipolar-related treatment in her Step Five findings. But the problem arose when she separated the alcohol and the bipolar treatment in making her finding that Kellett was not disabled, rather than first making her finding of disability and only then considering the effect of Kellett's alcohol dependency. This objection will, therefore, be overruled.

**B.  Opinions of Dr. Tripi**

The Commissioner also objects to the Magistrate Judge's finding that the ALJ improperly rejected the opinion of non-treating examiner Dr. Elaine Tripi, Ph.D., and improperly ignored findings from Kellett's treating social workers.

Dr. Tripi first examined Kellett on July 25, 2011. (Tr. at 497.) At that time, she found that Kellet was "not a viable rehabilitation candidate, nor is he capable of sustaining substantial, gainful work activity." (Tr. at 499.) And further: "He is in a very fragile state of mind." (*Id.*) She assessed Kellett's Global Assessment of Functioning ("GAF") at 45.[2] (*Id.* at 500.) Dr. Tripi next evaluated Kellett in January 2012. (Tr. at 595–615.) At this time, she reported that Kellett "remain[ed] significantly impaired due to his Bipolar Disorder." (*Id.* at 599.) She reported that Kellett was taking numerous medications for his Bipolar Disorder, experiencing side effects from those medications, and having "difficulty staying focused and concentrating even on simple tasks." (*Id.*) Dr. Tripi reported that she reached her conclusions based not only on a clinical interview, but also on "observations and review of assessment measures." (*Id.* at 499.) The assessment measures consisted of the Wechsler Adult Intelligence Scale-IV, Wide Range Achievement Test, and Bender-Gestalt Test. (Tr. at 497.) And when Dr. Tripi evaluated Kellett in January 2012, she filled out Mental Residual Functional Capacity Assessment and Psychiatric Review Technique forms. (Tr. at 595–615.) The ALJ rejected Dr. Tripi's findings because the records did "not provide an adequate basis for her conclusions" and merely reflected "subjective complaints, with minimal clinical findings." (*Id.* at 23.)

Subjectivity is not a sufficient basis for rejection in this context. "[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and

---

[2] **Error! Main Document Only.**A GAF score is a subjective determination that represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders ("DSM–IV"),* 30–34 (4th ed., Text Revision 2000). It ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 32. **Error! Main Document Only.**A GAF score of 41 to 50 reflects "[s]erious symptoms (e.g. suicidal ideation, severe obsession rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." *DSM–IV* at 34.

observations of professionals trained in the field of psychopathology." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowman*, 817 F.2d 865, 873–74 (D.C. Cir. 1987)). Therefore, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques." *Id.* Specifically, under *Blankenship*, a clinical interview is clearly an acceptable diagnostic technique where a claimant asserts disability based on mental impairments. *See Warford v. Astrue*, No. CIV.A 09-52-GWU, 2010 WL 3190756, at *6 (E.D. Ky. Aug. 11, 2010) (finding that "interviews are clearly an acceptable diagnostic technique in the area of mental impairments and [an examining psychologist] could rely upon the subjective complaints elicited during the interview in formulating his functional restrictions. Therefore . . . the examiner's opinion was improperly rejected by the ALJ."). In *Blankenship*, the Court concluded that an opinion by a one-time examining psychiatrist that the claimant was severely handicapped by his schizoid personality was improperly rejected by the ALJ even though the psychiatrist himself commented that more testing would be necessary to reach a final diagnosis. *Id.* Indeed, in a recent decision, the Sixth Circuit commented that rejecting a psychiatrist's opinion solely because it is based on self-reporting by the claimant would likely be inappropriate. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014). It was therefore erroneous for the ALJ to reject Dr. Tripi's findings solely on the basis of subjectivity.

Nor did the ALJ articulate any other rationale for rejecting Dr. Tripi's findings. (*See* Tr. at 23.) For this reason, the Commissioner's attempt to analogize this case to *Hatcher v. Commissioner of Social Security*, No. 12-cv-13831, 2013 WL 5291622 (E.D. Mich. Sept. 19, 2013), is unconvincing. In *Hatcher*, the ALJ chose to give little weight to the opinions of social

8

workers who found "extreme impairment in physical health and marked impairment in activities of daily living" because the social workers based their conclusions on subjective reporting and the claimant's mental status examinations showed him to be "medically stable" and "doing well." *Id.* at *8. First, Dr. Tripi is not a social worker; rather, she is a psychiatrist entitled to diagnostic techniques that are "somewhat less tangible than those in the field of medicine." *Blankenship*, 874 F.2d at 1121. Even so, Dr. Tripi did more than a clinical interview when she evaluated Kellett: as noted above, she also administered standardized diagnostic tests and included the results in her report. (*See* Tr. at 497–99.) Second, in this case the ALJ cited the subjective complaints as the sole reason to reject Dr. Tripi's findings—she did not, like the ALJ in *Hatcher*, point to contradictory evidence in the record. Accordingly, this objection will be overruled.

The ALJ's erroneous rejection of Dr. Tripi's findings is relevant to her evaluation of reports from Kellett's treating social workers, Mona Sander and Dave Anderson. The Magistrate Judge reached the issue because he found these reports to be "consistent with the opinions of Dr. Tripi, and [to] contradict that of Dr. Dickson, to which the ALJ gave great weight." (Report at 20.) The Magistrate Judge concluded that the ALJ erred by dismissing Sander's report on the basis of Kellett's sporadic treatment history because "plaintiffs suffering from mental impairments . . . should not be penalized for failure to seek psychiatric treatment." (*Id.* (citing *Kangail v. Barnhart*, 454 F.3d 627, 631 (7th Cir. 2006); *Blankenship*, 874 F.2d at 1129).) The Magistrate Judge further concluded that the ALJ erred by dismissing Anderson's report on the basis that it relied on the report of a one-time examining psychiatrist because "the Sixth Circuit has validated the diagnosis of a psychiatrist made after only one interview . . . ." (*Id.* (citing *Blankenship*, 874 F.2d at 1121; *Warford*, 2010 WL 3190756, at *6).) The Commissioner objects

9

to this finding, stating that the ALJ properly evaluated the entirety of the reports and gave them little weight because they were inconsistent both internally and with other reports in the record. (Obj. at 5–6.)

The Commissioner fails to acknowledge that had the ALJ not rejected Dr. Tripi's findings, she could have used the social workers' reports as evidence of the *severity* of Kellett's bipolar disorder and alcohol dependence. *See* 20 C.F.R. § 404.1513(d) ("In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to . . . Public and private social welfare agency personnel."). Accordingly, the ALJ's treatment of the social workers, as a result of her erroneous rejection of Dr. Tripi, was an independent error. At minimum, it is "unclear whether the outcome would have been the same had the opinions been considered." *Keeton*, 583 F. App'x at 530. Remand for proper consideration of these reports, in conjunction with Dr. Tripi's findings and with regard to the Magistrate Judge's conclusions of law regarding consideration of sporadic treatment and one-time psychiatric exams, is therefore appropriate. The objection is overruled.

## IV. CONCLUSION

The Court finds that the ALJ improperly segregated the effects of Kellett's alcohol dependence from the effects of his bipolar disorder in determining that he was not disabled. The Court further finds that it was improper for the ALJ to reject the opinion of Dr. Tripi solely because it was based on subjective complaints, especially where corroborating reports from Kellett's treating social workers were available. Remand is therefore appropriate to determine whether Kellett is disabled without separating the effects of his alcohol dependence and with appropriate consideration to the findings of Dr. Tripi, Sander, and Anderson. If Kellett is found

to be disabled, the ALJ should then decide whether his alcohol dependence is a material factor that precludes a finding of disability.

Accordingly, it is hereby ordered that the Magistrate Judge's Report and Recommendation is hereby ADOPTED over the Commissioner's objections. Kellett's Motion for Summary Judgment is GRANTED. The Commissioner's Motion for Summary Judgment is DENIED. The Commissioner's determination is hereby REVERSED and the case is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 14, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

11